# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALAN SAWYER, #Y26479, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19−cv−00269−PGR |
| | ) |
| WARDEN DENNISON, | ) |
| LT. HAMILTON, | ) |
| SGT. MARVIN, | ) |
| OFFICER HORN, and | ) |
| OFFICER STUDLEY, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**PHILIP G. REINHARD, United States District Court Judge:**[1]

Plaintiff Alan Sawyer, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Big Muddy River Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights, which occurred while at Shawnee Correctional Center ("Shawnee"). Plaintiff alleges that several prison officials used excessive force against him and is seeking a declaratory judgment and money damages.

This case is now before the court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### **The Complaint**

Plaintiff makes the following allegations in the complaint: Following lunch on January 4, 2019, plaintiff and several inmates in Segregation Unit 1 kept the lunch trays in protest to the severe cold conditions in the unit. Later that afternoon following shift change, defendants Hamilton, Marvin, Horn, and Studley came into the unit and began collecting the trays. Plaintiff asked Marvin what was going to happen with the heat situation and after exchanging words,

---

[1] Sitting by designation pursuant to 28 U.S.C. § 294(c) and Administrative Order No. 248 of the United States District Court for the Southern District of Illinois.

1

Marvin and Horn entered plaintiff's cell and twisted his arms behind his back, slamming him into the bunk and onto the floor. Marvin, Horn, and Studley placed a mechanical restraint on his left arm twisting and applying pressure resulting in extreme pain. Hamilton, Marvin, Horn, and Studley then walked plaintiff down to an open holding area where they slammed him to the floor and began, along with other unknown officers, punching and kneeing him. At certain points during the assault there were so many officers on top of him that he was unable to breath. Eventually he was taken to the medical unit for his injuries.

Plaintiff alleges that the Warden of Shawnee, Dennison, knew that Marvin had a history of using force against inmates and did not intervene or protect plaintiff as well as others.

Based on the allegations in the complaint, the court finds it convenient to divide the *pro se* action into the following counts:

> **Count 1:** **Eighth Amendment claim of excessive force against Hamilton, Marvin, Horn, and Studley for physically assaulting plaintiff.**
>
> **Count 2:** **Assault and battery claim in violation of Illinois state law against Hamilton, Marvin, Horn, and Studley.**
>
> **Count 3:** **Eighth Amendment claim against Dennison for failing to protect plaintiff from or intervene in the physical assault.**

The parties and the court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this court. **Any claim that is mentioned in the complaint but not addressed in this order is considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]**

## Discussion

As an initial matter, plaintiff seeks monetary damages against defendants Hamilton, Marvin, Horn, Studley, and Dennison in both their individual and official capacities. ([1], p. 1). State officials named in their official capacities may not be sued for monetary damages in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)*; Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). Therefore, the official capacity claims directed against these individuals will be dismissed without prejudice.

## Count 1

Plaintiff has stated a sufficient factual basis to proceed with his excessive force claim against defendants Hamilton, Marvin, Horn, and Studley as he alleges that he was beaten while

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face"). This includes any claims plaintiff asserted under the Sixth and Twelfth Amendments. He vaguely alluded to violations of his rights under both amendments, but he offered no reason for bringing these claims and did not indicate who they are against.

restrained. *See Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Therefore, Count 1 will proceed for further review.

### Count 2[3]

In the complaint, plaintiff alleges assault and battery against defendants. Specifically, he cites to Illinois criminal statute 720 ILCS § 5/12-3(a). ([1], pp. 10-11). Plaintiff cannot bring criminal charges in the context of a civil rights suit. To the extent, however, that he wishes to assert tort claims for assault and battery, these state law claims are based on the same facts that support the excessive force claim of Count 1, and therefore plaintiff may proceed with Count 2. *See e.g. Shea v. Winnebago Cty. Sheriff's Dep't*, 746 F. App'x 541, 547-48 (7th Cir. 2018) (discussing assault and battery under Illinois law).

### Count 3

Prison officials may be held liable under the Eighth Amendment if they had "a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail[ed] to do so[.]". *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F. 3d 282, 285 (7th Cir. 1994)).

Here, plaintiff gives only a conclusory statement that Dennison knew of Marvin's past use of force and did not intervene to protect plaintiff or other inmates,[4] and he provides no additional supporting details. Because "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)," *Palda v. General Dynamics Corp.,* 47 F.3d 872, 875 (7th Cir. 1995); *Jackson v. E.J. Brach Corp.*, 176 F.3d 971 (7th Cir. 1999), Count 3 is dismissed without prejudice.

### **Pending Motions**

Plaintiff's Motion for Recruitment of Counsel ([3]) is **DENIED without prejudice**. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating test for recruiting counsel). Plaintiff discloses that he has mailed letters to several law firms in an attempt to obtain counsel. However, he has provided the court with no copies of the letters or written responses. Accordingly, he has not demonstrated reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se*, plaintiff indicates that he has limited knowledge of the law and that he will have a difficult time conducting complex discovery as he is now at a different facility than where the excessive force took place. ([3], p. 2). Nonetheless, the court finds that plaintiff can proceed *pro se*, at least for now. Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the court. The claims in this case are straightforward and

---

[3] Plaintiff's state law claims in Count 2 concern the same facts as his § 1983 claims, so supplemental jurisdiction is appropriate. *See Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008); *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008).

[4] The only harms the court considers are the ones that specifically befell plaintiff; the court will not consider risks to the inmate population generally. *See Massey v. Helman*, 196 F.3d 727, 739-40 (7th Cir. 1999) (as corrected 2000) (stating the "general rule that a litigant must assert his own legal rights and cannot assert the legal rights of a third party.").

plaintiff appears competent to litigate this matter without representation at this time. Once discovery has commenced, if plaintiff has significant difficulty, he may refile his motion.

Plaintiff has filed a motion requesting the court to send him a copy of the court's local rules for serving a complaint upon the defendants and waive the copying fees. He states that he needs the rules because he would like the United States Marshals Service to serve his complaint as he is indigent. ([21]). Because plaintiff has been granted pauper status ([7]) and the court is obligated to arrange service for incarcerated persons proceeding *in forma pauperis,* his Motion to Waive Fees for Local Rules, Copies, and Service is **DENIED** without prejudice**.**

## Disposition

**IT IS HEREBY ORDERED** that the Motion for Recruitment of Counsel ([3]) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that the Motion to Waive Fees for Local Rules, Copies, and Service ([21]) is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that, for the reasons stated, all claims against defendants **DENNISON, HAMILTON, MARVIN, HORN,** and **STUDLEY** in their **official capacities** are **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that **COUNTS 1** and **2** will proceed against **HAMILTON, MARVIN, HORN,** and **STUDLEY**. **COUNT 3** shall be **DISMISSED without prejudice** for failure to state a claim for relief. Because there are no further claims against him, **DENNISON** is **DISMISSED** from this action. The Clerk of Court is **DIRECTED** to terminate **DENNISON** from the court's Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **HAMILTON, MARVIN, HORN,** and **STUDLEY** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk of Court is **DIRECTED** to mail these forms, a copy of the complaint, and this memorandum and order to each defendant's place of employment as identified by plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk of Court within 30 days from the date the forms were sent, the Clerk of Court shall take appropriate steps to effect formal service on that defendant, and the court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant cannot be found at the work address provided by plaintiff, the employer shall furnish the Clerk of Court with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk of Court. Address information shall not be maintained in the court file or disclosed by the Clerk of Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to**

**Administrative Order No. 244, defendants need only respond to the issued stated in this Merit Review Order.**

This entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Pursuant to Administrative Order No. 248 of the United States District Court for the Southern District of Illinois, this case is **REASSIGNED** to Judge Staci M. Yandle.

If judgment is rendered against plaintiff, and the judgment includes the payment of costs under Section 1915, plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 7/30/2019**

*Philip G. Reinhard*
**PHILIP G. REINHARD**
**United States District Judge**

### Notice to Plaintiff

The court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an answer to your complaint. It will likely take at least **60 days** from the date of this order to receive the defendants' answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed answers, the court will enter a scheduling order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the court at this time, unless specifically directed to do so.**