# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALAN SAWYER, #Y26479, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| JOSHUA HORN, ROD STUDLEY, MARCUS MARVIN, and KENNETH HAMILTON, | ) ) ) ) ) |
| Defendants. | ) |

Case No. 19-cv-00269-SMY

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Alan Sawyer, an inmate in the Illinois Department of Corrections, filed this case pursuant to 42 U.S.C. § 1983 alleging deprivations of his constitutional rights. Sawyer claims Defendants used excessive force against him and is seeking a declaratory judgment and money damages. Now pending before the Court is Sawyer's motion entitled "Cross-Move for Motion for Summary Judgment" (Doc. 31) to which Defendants have filed a response (Doc. 38).[1] Sawyer has also filed a Motion to Appoint Counsel (Doc. 33).

### Motion for Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the

---

[1] Defendants' request to strike three exhibits that Plaintiff attached to his summary judgment motion as declarations in support (Doc. 38, p. 2-3) is **DENIED**. *See Heller Fin., Inc. v. Midwhey Power Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989) (motions to strike are generally disfavored).

1

movant is entitled to judgment as a matter of law." Generally, "[s]ummary judgment should not be entered 'until the party opposing the motion has had a fair opportunity to conduct such discovery as may be necessary to meet the factual basis for the motion.'" *Grayson v. O'Neill,* 308 F.3d 808, 815 (7th Cir. 2002) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 326 (1986). *See also Smith v. OSF HealthCare Sys.,* 933 F.3d 859, 866 (7th Cir. 2019) (emphasizing "the importance of allowing a party the opportunity to take meaningful discovery before granting summary judgment"). Consistent with this precedent, the Court finds that Sawyer's Motion for Summary Judgment is premature.

Sawyer does not claim that he is entitled to judgment as a matter of law. Instead, he raises factual disputes that actually prevent summary judgment under Rule 56. Specifically, he contends Defendants' Answers to the Complaint denying the excessive force and state law claims are squarely in conflict with the facts set out in the Complaint and that there "is a material fact dispute that should be determined", (Doc. 31, pp. 1, 2). He also presents arguments against Defendants' affirmative defenses. (*Id.* at pp. 3-4).[2]

As the Court has not yet entered a discovery scheduling order, there has been no evidentiary record established. Additionally, Defendants have raised failure to exhaust administrative remedies prior to the initiation of this cause of action as an affirmative defense. (Doc. 29, p. 3). As a result of Defendants' affirmative defense, the Court has stayed discovery on the merits. (Doc. 32, p. 6).

---

[2] The Court notes that Sawyer argues against Defendants' Eleventh Amendment sovereign immunity affirmative defense in which they argue precludes actions for damages against state officials sued in their official capacity. *See* (Doc. 29, p. 3; and Doc. 31, p. 2). Sawyer correctly points out that the claims against Defendants in their official capacities for money damages were dismissed in the merit review order, Doc. 22, p. 2, pursuant to 28 U.S.C. § 1915A.

For the foregoing reasons, Plaintiff's Cross-Move for Motion for Summary Judgment is **DENIED without prejudice**. If the case proceeds, Plaintiff's motion be refiled at the close of discovery. *See* FED. R. CIV. P. 56(b) and (d). Defendants' Motion for Extension of Time to File a Response (Doc. 34) is **DENIED as moot**.

### Recruitment of Counsel

Sawyer has filed a second Motion of Appointment of Counsel. (Doc. 33). A litigant in a civil case has no right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Determining whether to appoint counsel is a two-prong inquiry. *Pruitt*, 503 F.3d at 655. The threshold question is whether the indigent plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so. *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010). Only if the threshold has been met will the Court consider the second prong, *i.e.*, whether the plaintiff appears competent to litigate the case given its difficulty. *Pruitt*, 503 F.3d at 655.

When he first sought recruitment of counsel, Sawyer failed to demonstrate that he had made a reasonable attempt to secure counsel. (Doc. 22). Now on his second try, Sawyer again states that he has written several law firms and attorneys, but only provides a response from one attorney declining representation and does not include any other additional information, such as copies of the letters he mailed or even the addressees or names of the firms and attorneys he contacted. (Doc. 33, p. 2). Therefore, the Court finds that Sawyer still has not provided sufficient information regarding his attempts to obtain counsel on his own. Should Sawyer choose to move for recruitment of counsel at a later date, the Court directs Sawyer to: (1) contact at least three attorneys regarding representation in this case prior to filing another motion; (2) include in the motion the names and address of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation.

**<u>Disposition</u>**

Plaintiff's Cross-Move for Motion for Summary Judgment (Doc. 31) is **DENIED without prejudice**; Defendants' Motions for Extension of Time (Doc. 34) is **DENIED as moot;** and Plaintiff's Motion to Appoint Counsel (Doc. 33) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

**DATED: 12/9/2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**